OPINION
{¶ 1} Randy Hatfield is appealing the judgment of the Miami County Common Pleas Court which sentenced him to the maximum sentence for his rape conviction and found him to be a sexual predator.
{¶ 2} On August 28, 2001, Mr. Hatfield was indicted for one count of rape, a felony of the first degree, and one count of having a weapon under a disability, a felony of the fifth degree. Mr. Hatfield pled no contest to the charges on November 26, 2001. The sentencing hearing for Mr. Hatfield was scheduled for January 22, 2002. The trial court imposed the maximum sentence of ten years on the rape charge and one year on the weapon under a disability charge, to be served concurrently. Additionally, the trial court designated Mr. Hatfield a sexual predator. Mr. Hatfield has filed this appeal from his sentence and sexual predator designation.
{¶ 3} Mr. Hatfield raises the following assignments of error:
{¶ 4} "1. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY IMPROPERLY DESIGNATING APPELLANT AS A SEXUAL PREDATOR IN THE ABSENCE OF PROPER NOTICE OF THE HEARING CONDUCTED WITH REGARD TO SUCH DESIGNATION.
{¶ 5} "2. APPELLANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL AT HIS SENTENCING HEARING.
{¶ 6} "3. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY IMPOSING THE MAXIMUM SENTENCE FOR THE CHARGE OF RAPE IN THE ABSENCE OF SUFFICIENT FINDINGS SUPPORTING SAID SENTENCE."
Appellant's first assignment of error:
{¶ 7} Mr. Hatfield argues that the trial court erred in failing to give him notice that a sexual predator hearing would occur on the date of his sentencing hearing. We agree.
{¶ 8} R.C. 2950.09(B)(2) provides that "[t]he court shall give the offender * * * and the prosecutor who prosecuted the offender * * * for the sexually oriented offense notice of the date, time, and location of the hearing." In State v. Gowdy, the Ohio Supreme Court held that "the notice requirement for sexual offender classification hearings under R.C. 2950.09(B)(1) is mandatory." 88 Ohio St.3d 387, 2000-Ohio-355. InGowdy, the trial court set the sentencing hearing for the defendant but failed to mention any sexual offender classification hearing. Id. at 397. The trial court then held a sexual predator hearing and a sentencing hearing on the same date. Id. at 397-398. The Supreme Court reversed the decision of the appellate court which had held that although the trial court had failed to give the required notice, the defendant was not prejudiced by the lack of notice. Id. at 398. The Supreme Court found that notice of the sexual predator hearing was imperative in order for defendant's attorney to adequately prepare for the hearing. Id. The Court stated, "[d]efendants must have notice of the hearing in order to `have an opportunity to testify, present evidence, call and examine witnesses and expert witnesses, and cross-examine witnesses and expert witnesses regarding the determination as to whether the offender is a sexual predator.'" Id. Further, the Court found that even though defense counsel had failed to object to the lack of notice for the sexual predator hearing, the case had to be reversed and remanded because the lack of notice to the defendant amounted to plain error. Id. at 398-399.
{¶ 9} Similar to Gowdy, in the instant case, the trial court failed to give Mr. Hatfield notice that it was also conducting a sexual predator hearing on the date of the sentencing hearing. Additionally, as in Gowdy, neither Mr. Hatfield nor his counsel objected to the failure of the trial court to give them notice of the sexual predator hearing. Thus, Mr. Hatfield like the defendant in Gowdy argues that the failure was plain error. The State argues that Mr. Hatfield was not prejudiced by failing to have notice of the hearing because he was represented by experienced trial counsel and the parties stipulated to all the facts in the underlying case. However, we are constrained by the Supreme Court's decision in Gowdy that it is plain error for a trial court not to give notice of the sexual predator hearing. Mr. Hatfield's first assignment of error is sustained. Mr. Hatfield's designation as a sexual predator is vacated and the matter is remanded to the trial court for a sexual predator classification hearing with proper advance notice of the hearing given to the parties.
Appellant's second assignment of error:
{¶ 10} Mr. Hatfield argues that he received ineffective assistance of counsel because his counsel stated that he had an ongoing problem, similar to a disease, and that he needed treatment. We disagree.
{¶ 11} We evaluate ineffective assistance of counsel arguments in light of the two prong analysis set forth in Strickland v. Washington
(1984), 466 U.S. 668. Trial counsel is entitled to a strong presumption that his or her conduct falls within the wide range of reasonable assistance. See id. at 687-689. To reverse a conviction based on ineffective assistance of counsel, it must be demonstrated that trial counsel's conduct fell below an objective standard of reasonableness and that his errors were serious enough to create a reasonable probability that, but for the errors, the result of the trial would have been different. See id. at 687. Hindsight is not permitted to distort the assessment of what was reasonable in light of counsel's perspective at the time, and a debatable decision concerning trial strategy cannot form the basis of a finding of ineffective assistance of counsel. See id. at 689.
{¶ 12} Mr. Hatfield argues that his counsel's statement during sentencing that Mr. Hatfield suffers from a disease and that "[h]e would appear to be a fairly law-abiding citizen however these kind of things [have] landed him in prison and it's going to continue to do so until he gets this problem cured one way or another," amounted to ineffective assistance of counsel. (Tr. 5). Mr. Hatfield argues that this statement admitted that Mr. Hatfield was a habitual offender and would commit crimes in the future. The State argues that Mr. Hatfield's counsel was simply being forthright with the court by indicating that Mr. Hatfield needed some help and the court was already aware of the information as it was contained in the presentence report. We agree with the State. Mr. Hatfield's counsel was simply seeking for the court to take into consideration that Mr. Hatfield was remorseful and had a disease, like a drug addiction, that was in need of treatment. Mr. Hatfield's attorney's statement was clearly an attempt to dissuade the court from imposing the maximum sentence. We cannot say that Mr. Hatfield's statement amounted to ineffective assistance of counsel. Mr. Hatfield's second assignment of error is without merit and is overruled.
Appellant's third assignment of error:
{¶ 13} Mr. Hatfield argues that the trial court erred in giving him the maximum sentence without addressing each of the statutory factors. We disagree.
{¶ 14} R.C. 2929.14(C) provides in pertinent part:
{¶ 15} "[T]he court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst form of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section."
{¶ 16} R.C. 2929.19(B)(2)(d) states:
{¶ 17} "(B) At the sentencing hearing, the court, before imposing sentence, shall consider the record, any information presented at the hearing by any person pursuant to division (A) of this section, and, if one was prepared, the presentence investigation report made pursuant to section 2951.03 of the Revised Code or Criminal Rule 32.2, and any victim impact statement made pursuant to section 2947.051 of the Revised Code.
{¶ 18} "(2) The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances: * * * (d) If the sentence is for one offense and it imposes a prison term for the offense that is the maximum prison term allowed for that offense by division (A) of section 2929.14 of the Revised Code, its reason for imposing the maximum prison term."
{¶ 19} Although a defendant has a right to appeal his sentence, the sentence may only be vacated if it is shown to be contrary to law by clear and convincing evidence. R.C. 2953.08(G). Pursuant to R.C.2929.19(B)(2)(d) a trial court must state its reasons at the sentencing hearing for imposing the maximum prison term. State v. Edmonson,86 Ohio St.3d 324, 329, 1999-Ohio-110; State v. Garcia (1998),126 Ohio App.3d 485, 487. Additionally, a trial court must consider the factors listed in R.C. 2929.12(D) and (E) as well as any other relevant factors in determining that a defendant poses the greatest likelihood of committing future crimes. State v. Goff (June 30, 1999), Washington App. No. 98CA30. A trial court need not record its factual findings in the judgment entry, if the court relates its factual findings orally at the sentencing hearing. State v. Martin (1999), 136 Ohio App.3d 355, 362;State v. Finch (1998), 131 Ohio App.3d 571, 573; State v. Seitz (2001),141 Ohio App.3d 347, 348.
{¶ 20} Mr. Hatfield argues that the trial court did not comply with the statutory requirements in sentencing Mr. Hatfield to the maximum sentence because the record does not specifically address each of the factors listed in R.C. 2929.12(D) and (E) but rather only reiterates that the court considered "all sentencing factors." Moreover, Mr. Hatfield argues that the court did not state in its journal entry a finding that Mr. Hatfield fell within any of the categories listed in R.C. 2929.14(C) and therefore the court did not comply with R.C. 2929.14(C).
{¶ 21} At Mr. Hatfield's sentencing hearing, the trial court explained that it looked at the seriousness of the underlying crime and the tendency towards recidivism. The trial court stated that Mr. Hatfield's crime tended to be on the high end of seriousness based on the submitted victim impact statement, which stated that Mr. Hatfield had caused a great amount of distress, the fact that Mr. Hatfield had befriended his victim before offending him, and had threatened at least one person if he told. Additionally, the trial court noted that it was most concerned about Mr. Hatfield's increased chance of recidivism. The court found the increased rate for recidivism based upon Mr. Hatfield's two previous felony convictions for sexual offenses and particularly that the court had enrolled Mr. Hatfield in counseling and treatment programs before but these had failed to change his behavior or prevent him from reoffending. Therefore, based on the increased tendency for recidivism, the trial court found that Mr. Hatfield posed the greatest likelihood of committing future sex crimes and that the maximum sentence was necessary to protect the public. Further the trial court reiterated these reasons for his findings in its journal entry of sentencing.
{¶ 22} Having reviewed the record, we cannot say that the trial court erred in sentencing Mr. Hatfield to the maximum sentence. At the sentencing hearing, the court listed its reasons and rationale for finding that Mr. Hatfield posed a high risk for recidivism and that his crime was also quite serious. Specifically, the trial court noted Mr. Hatfield's prior criminal history and that he continued to offend despite prior criminal sanctions and counseling. We find that the trial court made the required findings under R.C. 2929.14 in order to sentence Mr. Hatfield to the maximum sentence and pursuant to R.C. 2929.19(B)(2)(d) stated its reasons for the findings. Additionally, the trial court stated that it considered all sentencing factors and discussed several pertinent factors listed in R.C. 2929.12(D) and (E), such as Mr. Hatfield's statement regarding his remorse, his prior convictions and unsuccessful attempts at treatment, and that Mr. Hatfield had not lived a law abiding life but continued to offend. We cannot say that the trial court erred in sentencing Mr. Hatfield to the maximum sentence on the rape conviction. Mr. Hatfield's third assignment of error is without merit and is overruled.
{¶ 23} The judgment of the trial court is affirmed in part and reversed and remanded in part.
WOLFF, P.J. and BROGAN, J., concur.