The STATE of Ohio, Appellee,

v.

SEITZ, Appellant.

[Cite as *State v. Seitz* (2001), 141 Ohio App.3d 347.]

Court of Appeals of Ohio,
Sixth District, Sandusky County.

No. S–00–026.

Decided Feb. 23, 2001.

*Thomas L. Stierwalt,* Sandusky County Prosecuting Attorney, for appellee.

*Richard A. Heyman,* for appellant.

KNEPPER, Judge.

This is an appeal from a Sandusky County Court of Common Pleas judgment in which the court sentenced appellant to the maximum prison term following his conviction for one count of passing bad checks. The trial court's decision is reversed for the reasons that follow.

On December 16, 1999, appellant was indicted on two counts of theft, in violation of R.C. 2913.02(A)(3), for passing bad checks. On March 13, 2000, appellant pled guilty to one count of theft. Appellant was sentenced on May 30, 2000, to twelve months in prison, the maximum sentence for this offense. The other theft count was nolled upon motion by the prosecutor. Judgment was also entered in favor of Croghan Colonial Bank in the amount of $1,690. Appellant timely appealed, raising the following assignment of error:

"Whether the court erred in imposing the maximum sentence on the defendant contrary to the provisions of R.C. 2929.14."

In order for a court to impose the maximum sentence on an offender for a single offense, "the record must reflect that the trial court imposed the maximum sentence based on the offender satisfying one of the listed criteria in R.C. 2929.14(C)." *State v. Edmonson* (1999), 86 Ohio St.3d 324, 329, 715 N.E.2d 131, 135. These listed criteria are (1) "offenders who committed the worst forms of the offense," (2) "offenders who pose the greatest likelihood of committing future crimes," (3) "certain major drug offenders," and (4) "certain repeat violent offenders." R.C. 2929.14(C). The third and fourth category are not applicable in the present case.

Appellant argues that the maximum sentence was inappropriate, as "the sentencing entry does not make reference to the necessary findings." In support of this contention, appellant cites *State v. Evans* (May 28, 1999), Sandusky App. No. S–98–035, unreported, 1999 WL 334498. In the case of *State v. Akers* (June 2, 2000), Sandusky App. No. S–99–035, unreported, 2000 WL 706795, this court stated:

"*Evans* was decided before the Supreme Court of Ohio released its decision in *State v. Edmonson* (1999), 86 Ohio St.3d 324, 715 N.E.2d 131. Since the *Edmonson* decision, this court has determined that the findings required by the sentencing statutes may be made either orally at the sentencing hearing or in written form in the judgment entry."

Therefore, it was not necessary that the court's findings be included in the judgment entry. However, according to *Edmonson*, it is necessary that these findings be found in the record in order for an offender to be sentenced to the maximum. See, also, R.C. 2929.14(B). Appellant was sentenced to the maximum

prison term. Therefore, the court was required to find on the record that appellant committed the worst form of the offense, posed the greatest likelihood of committing future crimes, was a major drug offender, or was a repeat violent offender. *Akers.* However, the court did not make any such finding. Therefore, appellant's assignment of error is found well taken.

On consideration whereof, the judgment of the Sandusky County Court of Common Pleas is reversed, and the matter is remanded for resentencing. Court costs of this appeal are assessed to appellee.

*Judgment reversed*
*and cause remanded.*

PIETRYKOWSKI, P.J., and SHERCK, J., concur.