DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Lucas County Court of Common Pleas which, following a jury trial, found appellant, Crawford Wilson, guilty of failure to comply with the signal of a police officer, a felony of the third degree. For the reasons stated herein, this court affirms the judgment of the trial court.
Appellant sets forth the following assignment of error:
"ASSIGNMENT OF ERROR
 "THE MAXIMUM SENTENCE FOR FAILURE TO COMPLY WITH POLICE OFFICER SIGNAL WAS NOT WARRANTED."
The following facts are relevant to this appeal. Appellant was indicted on December 1, 2000 on one count of failure to comply with the signal of an officer. Appellant entered a plea of not guilty at his arraignment.
Appellant's two day trial began on March 26, 2001. On March 27, 2001, the jury found appellant guilty. Appellant was sentenced to a definite term of five years incarceration. Appellant filed a timely notice of appeal.
In his sole assignment of error, appellant challenges the imposition of the maximum sentence. This court finds no merit in this assignment of error.
In State v. Seitz (2001), 141 Ohio App.3d 347, 348, this court stated:
 "In order for a court to impose the maximum sentence on an offender for a single offense, `the record must reflect that the trial court imposed the maximum sentence based on the offender satisfying one of the listed criteria in R.C. 2929.14(C).' State v. Edmonson
(1999), 86 Ohio St.3d 324, 329, 715 N.E.2d 131, 135. These listed criteria are (1) `offenders who committed the worst forms of the offense,' (2) `offenders who pose the greatest likelihood of committing future crimes,' (3) `certain major drug offenders,' and (4) `certain repeat violent offenders.' R.C. 2929.14(C). * * *"
In the case sub judice, the trial court found that imposing the maximum sentence on appellant was warranted based upon satisfaction of the second criteria: an offender who poses the greatest likelihood of committing future crimes. As this court noted in Seitz, 141 Ohio App.3d at 348, only one of the criteria listed in R.C. 2929.14(C) needs to be satisfied.
R.C. 2929.14(C) requires that the trial court make certain findings on the record when sentencing a criminal defendant to the maximum prison term. Following the Ohio Supreme Court's decision in State v. Edmonson
(1999), 86 Ohio St.3d 324, this court has determined that the findings required by the sentencing statutes may be made either orally at the sentencing hearing or in written form in the judgment entry. See Statev. Meadows (Dec. 17, 1999), Lucas App. Nos. L-98-1424, L-98-1425, unreported, discretionary appeal not allowed (Apr. 19, 2000).
The transcript of the sentencing hearing records the trial judge as stating: "* * * the Court finds the defendant poses the greatest likelihood of recidivism and, therefore, we do impose the maximum sentence." This finding also appears in the court's judgment entry sentencing appellant.
Accordingly, appellant's assignment of error is found not well-taken.
On consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed. It is ordered that appellant pay court costs for this appeal.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Richard W. Knepper, J., Mark L. Pietrykowski, P.J., JUDGES, CONCUR.