DECISION AND JUDGMENT ENTRY
This case on our accelerated calendar is before us on appeal from the Wood County Court of Common Pleas, which sentenced appellant for gross sexual imposition. For the reasons that follow, we affirm in part, reverse and vacate in part, and remand.
Appellant pleaded guilty to gross sexual imposition, a fourth degree felony, which he committed while on parole for a rape conviction. The trial court sentenced him to eighteen months in prison, the maximum sentence for a fourth degree felony, to be served consecutively to the sentence in the previous rape case. Appellant appeals from this judgment, setting forth the following assignments of error:
"FIRST ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED TO DEFENDANT-APPELLANT'S PREJUDICE BY IMPOSING THE MAXIMUM SENTENCE FOR HIS OFFENSE IN VIOLATION OF THE PROVISIONS OF O.R.C. § 2929.14(C).
"SECOND ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED TO DEFENDANT-APPELLANT'S PREJUDICE BY IMPOSING A CONSECUTIVE SENTENCE FOR HIS OFFENSE IN VIOLATION OF THE PROVISIONS IN O.R.C. § 2929.14(E).
The standard of review applicable to these assignments of error is set out in R.C. 2953.08(G)(2). That section provides:
 "(2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.
 "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
 "(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (E)(4) of section 2929.14, or division (H) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
"(b) That the sentence is otherwise contrary to law."
In his first assignment of error, appellant contends that the trial court did not make the necessary findings before imposing the maximum sentence. Appellee does not disagree. R.C. 2929.14(C) provides:
 "(C) Except as provided in division (G) of this section or in Chapter 2925. of the Revised Code, the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section."
The trial court found that the victim's age and her relationship with appellant made the offense "more serious." However, the court did not specifically find that appellant's offense was one of the "worst forms of the offense" as required by R.C. 2929.14(C). See State v. Jamieson
(Nov. 2, 1999), Ashland App. No. 1999COA1296, unreported (the court's finding that the conduct was "more serious than conduct normally constituting the offense" was not the same as the statutory language "one of the worst forms of the offense"). Similarly, while the trial court found that recidivism is "more likely," the court did not find that appellant poses the "greatest likelihood of committing future crimes" as required by R.C. 2929.14(C). See id. (the trial court's finding that "recidivism is more likely" is not the same as finding that an offender poses the "greatest likelihood of committing future crimes"). We therefore agree with the parties and find clearly and convincingly that the trial court did not make the findings required by R.C. 2929.14(C) before sentencing appellant to the maximum prison term.
Though appellee agrees that the case should be remanded for further findings, appellee contends that a new hearing is unnecessary. According to appellee, since this court has held that the required findings may be made orally at the sentencing hearing or in writing in the judgment entry of sentence, all that is required is for the trial court to create a new judgment entry with the appropriate findings. Appellant cites State v.Seitz (2001), 141 Ohio App.3d 347. We disagree. When a trial court errs in sentencing a defendant, our statutory choices are to:
 (1) "increase, reduce, or otherwise modify [the] sentence"; or (2) "vacate the sentence and remand the matter to the sentencing court for resentencing." See R.C. 2953.08 (G)(2). If, upon resentencing, the trial court fails to make the required findings orally on the record but makes them in the judgment entry, we would find no basis for reversal. See State v. Akers
(June 2, 2000), Sandusky App. No. S-99-035, unreported. But the findings must be made in the first instance either at the hearing or in the judgment entry. See Seitz, 141 Ohio App.3d at 348. Here, the required findings were not made at either stage. Accordingly, appellant's sentence to the maximum prison term is vacated and the case is remanded for resentencing.
In his second assignment of error, appellant contends that the court erred in making his sentence consecutive to the sentence for his earlier conviction. Appellee, on the other hand, contends that the trial court had no choice to do otherwise. According to appellee, the trial court was required by R.C. 2967.28(F)(4) to impose consecutive sentences. That section provides:
 "(4) A parolee or releasee who has violated any condition of parole, any post-release control sanction, or any conditions described in division (A) of section 2967.131 of the Revised Code that are imposed upon the releasee by committing a felony may be prosecuted for the new felony, and, upon conviction, the court shall impose sentence for the new felony. In addition to the sentence imposed for the new felony, the court may impose a prison term for the violation, and the term imposed for the violation shall be reduced by any prison term that is administratively imposed by the parole board or adult parole authority as a post-release control sanction. If the person is a releasee, the maximum prison term for the violation shall be either the maximum period of post-release control for the earlier felony under division (B) or (C) of this section minus any time the releasee has spent under post-release control for the earlier felony or twelve months, whichever is greater. A prison term imposed for the violation shall be served consecutively to any prison term imposed for the new felony. If the person is a releasee, a prison term imposed for the violation, and a prison term imposed for the new felony, shall not count as, or be credited toward, the remaining period of post-release control imposed for the earlier felony."
We agree with appellee that this section mandates consecutive sentences. Since the trial court did not have discretion to decide whether to sentence appellant consecutively or concurrently, the court was not required to make the findings required by R.C. 2929.14(E). We therefore find appellant's second assignment of error not well-taken.
Upon consideration whereof, we affirm in part and reverse and vacate in part. We reverse that portion of the trial court's judgment imposing the maximum sentence, and we vacate that sentence and remand this case to the trial court for resentencing consistent with this decision and the applicable law. We affirm the trial court's judgment imposing consecutive sentences. Appellee is ordered to pay the court costs of this appeal.
JUDGMENT AFFIRMED, IN PART, AND REVERSED, IN PART.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, J., Melvin L. Resnick, J., CONCUR.