OPINION
Defendant-appellant Brian P. Hanna appeals the sentence of the Knox County Court of Common Pleas imposed upon him pursuant to a conviction for rape.
 STATEMENT OF THE FACTS AND CASE
Appellant was indicted on one count of rape, committed against a victim less than 13 years of age, in violation of R.C. 2907.02(A)(1)(b). The charge stemmed from the sexual molestation of appellant's 11 year-old stepdaughter (date of birth January 6, 1989) between January 6, 2000, and October 20, 2000.[1]
The matter went to jury trial on June 26, 2001. The jury returned a verdict of guilty as indicted. A sentencing hearing was conducted on July 20, 2001. The trial court sentenced appellant to ten years in prison.
It is from the sentence imposed on July 20, 2001, that appellant appeals, raising the following assignments of error:
 THE TRIAL COURT ERRED IN GIVING THE DEFENDANT THE MAXIMUM SENTENCE.
 [SIC] TRIAL COURT ERRED IN PENALIZING DEFENDANT FOR EXERCISING HIS RIGHT TO A JURY TRIAL.
 I.
In the first assignment of error, appellant claims the trial court erred in imposing the maximum sentence. In his Merit Brief, appellant argues that the trial court failed to find that appellant posed the greatest likelihood of committing future crimes or that the appellant committed the worst form of the offense. We disagree.
When a trial court imposes a maximum sentence, it is required to make an explicit finding on the record that one of three criteria were applicable: (1) the offender committed the worst form of the offense; (2) the offender posed the greatest likelihood of committing future crimes; or (3) the offender was a major drug offender or repeat violent offender as defined in R.C. 2929.14(D)(2) and (3). R.C. 2929.14(C); State v.Edmonson (1999), 86 Ohio St.3d 324. These findings may be made either orally at the sentencing hearing or in written form in the judgment entry. State v. Seitz (2001), 141 Ohio App.3d 347, 348.
In the case sub judice, the trial court made an oral finding at the sentencing hearing that "the court finds that the defendant committed the worst form of the offense, in that the defendant poses the greatest likelihood of committing future crimes". Transcript of Proceedings, page 6. These findings were repeated in the trial court's written Findings and Support of Maximum Sentence, which was filed in conjunction with but separate from the trial court's sentencing entry.
Since the trial court made the required findings, appellant's assignment of error is overruled.
 II
In the second assignment of error, appellant argues that the trial court penalized appellant for exercising his right to a jury trial by imposing a maximum sentence. We disagree.
Appellant argues that a defendant is guaranteed the right to a jury trial by the Sixth and Fourteenth Amendments to the United States Constitution. (Citing Duncan v. Louisiana (1968), 391 U.S. 145). Appellant asserts that implicit in the right to a jury trial is the proposition that a court cannot penalize a defendant if he exercises that right.
Appellant cites this court to the following comments by the trial court at sentencing: "Your client has an unusual way of expressing remorse, Mr. Birch. He confessed to this offense, and after he admitted to his conduct, his actions necessitated the victim coming in this courtroom in front of a room full of strangers and describing in detail what your client did to her. Now if that's remorse, you and I are operating out of a different dictionary, counselor." Transcript of Proceedings, pages 5-6.
The trial court's comments were in response to the following statement by appellant's trial counsel:
 "And I would suggest to the court that my client has shown genuine remorse in this matter. He is extremely upset that this occurred. He is extremely upset that he gave into this weakness. He has manifested that — that by the fact that while he's been in jail, he's had to be on suicide watch a number of times. He's had to have counseling.
 I would indicate to the Court that after this incident occurred and before charges were filed, my client did go to Pennsylvania; he did seek the help of a psychiatrist, get into counseling to address this issue.
 Certainly, it's a serious charge, there is no doubt about that, but, Your Honor, my client has led a very law abiding life, except for this, and he is extremely remorseful as a result of this and he addressed it on his own. Thank you, Your Honor.
The Court: Mr. Hanna, is there anything you want to say?
 The Defendant: No. Just that I'm so, so sorry. I'm so sorry for what I have done and I wish I'd be forgiven sometime in the future."
Transcript of Proceedings, pages 4-5.
We find that the trial court's comments went to the trial court's concerns about the genuineness of the appellant's remorse for what he had done. A sentencing court is to consider whether the offender shows genuine remorse for the offense as an indicator as to whether an offender is likely to commit future crimes. R.C. 2929.12(D)(5) and (E)(5). We find that the trial court was expressing its concern over the possible lack of sincerity in appellant's statement of remorse. The trial court's comments in and of themselves, do not indicate a desire to punish appellant for exercising his right to a jury trial.
Appellant questions why the trial court chose to impose the maximum sentence. However, we note that the appellant failed to provide a transcript of the jury trial. From a review of the record presented, this Court finds no support for appellant's assertion that the maximum sentence was imposed as a punishment for taking the matter to trial.
Appellant's second assignment of error is overruled.
The judgment of the Knox County Court of Common Pleas is affirmed.
By EDWARDS, J. FARMER, P.J. and BOGGINS, J. concur
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Knox County Court of Common Pleas is affirmed. Costs to appellant.
[1] The statement of facts is limited because appellant failed to request that a transcript of the trial be prepared. Appellant requested and transmitted a transcript of the sentencing hearing only.