OPINION
Defendant-appellant Bruce Eugene Daniels appeals the November 26, 2001 Judgment Entry of the Stark County Court of Common Pleas which revoked his community control sanctions and imposed a twelve month sentence on appellant's previous conviction for nonsupport of dependents. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE AND FACTS
On July 5, 2001, the Stark County Grand Jury indicted appellant with one count of nonsupport of dependents in violation of R.C. 2919.21(B), a felony of the fifth degree. On August 13, 2001, appellant entered a guilty plea to the indictment and the trial court ordered a presentence investigation. In a September 27, 2001 Judgment Entry, the trial court sentenced appellant to five years of probation, subject to the general supervision and control of the court, but imposing sixteen specific sanctions.
In early November, 2001, The Adult Parole Authority arrested appellant for violation of the terms of his community control sanctions. The trial court conducted an evidentiary hearing on November 19, 2001. At the conclusion of this hearing, the trial court found appellant had violated the terms of his community control sanction by testing positive for cocaine on three separate occasions. In a November 26, 2001 Judgment Entry, the trial court revoked appellant's community control and sentenced appellant to a term of twelve months of incarceration.
It is from this judgment entry appellant prosecutes his appeal, assigning the following errors for our review:
 "I. THE TRIAL COURT ERRED IN IMPOSING THE MAXIMUM SENTENCE WITHOUT COMPLYING WITH THE STATUTORY CRITERIA OR MAKING THE REQUISITE FINDINGS.
 "II. THE TRIAL COURT ERRED IN REVOKING APPELLANT'S PROBATION FOR TESTING POSITIVE FOR COCAINE WITHOUT COMPLYING WITH THE STATUTORY CRITERIA OR MAKING THE REQUISITE FINDINGS."
 I
In appellant's first assignment of error, he maintains the trial court erred in imposing the maximum sentence without first complying with the requisite findings and statutory criteria contained in R.C. 2929.14. We agree.
R.C. 2929.14(C) permits a trial court to impose the maximum prison term upon offenders committing the worst forms of the offense and upon offenders who impose the greatest likelihood of committing future crimes. Pursuant to R.C. 2953.08(G), our standard of review on this issue is clear and convincing evidence.
R.C. 2929.14 governs the imposition of a maximum prison term. The statute states, in relevant part: "(C) Except as provided in division (G) of this section or in Chapter 2925 of the Revised Code, the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section."
While a recitation of the statutory criteria alone may be enough to justify more than the minimum sentence, it is not enough to justify the imposition of the maximum sentence. The trial court also must provide its reasons.
 As stated in R.C. 2929.19(B)(2)(d): "The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances: * * * (d) If the sentence is for one offense and it imposes a prison term for the offense that is the maximum prison term allowed for that offense by division (A) of section 2929.14 of the Revised Code, its reasons for imposing the maximum prison term * * *"
Thus, a trial court has discretion to impose a maximum sentence if it determines one of the factors listed in R.C. 2929.14(C) exists, and it explains its reasons for imposing a maximum sentence as required by R.C.2929.19(B)(2)(d). These findings may be made either orally at the sentencing hearing or in written form in the judgment entry. State v.Seitz (2001), 141 Ohio App.3d 347, 348, 750 N.E.2d 1228. If the trial court fails to provide such reasons, either orally or in the sentencing entry, the matter must be remanded for resentencing Because said reasons are not contained in the judgment entry, we turn our attention to the transcript of the sentencing hearing to determine if the trial court stated its reasons for imposing the maximum sentence.
Appellee concedes, and our review confirms, the trial court did not state its reasons for the imposition of the maximum sentence.
Appellant's first assignment is sustained.
 II
In appellant's second assignment of error, he maintains the trial court erred in revoking his community control when his only violations were positive tests for crack cocaine. Appellant argues the trial court's revocation of his community control failed to comply with the statutory criteria and the trial court failed to make the requisite findings.
R.C. 2929.13(E)(2) governs the imposition of a prison term upon the revocation of a community control sanction. The statute provides, in relevant part:
 "(2) If an offender who was convicted of or pleaded guilty to a felony violates the conditions of a community control sanction imposed for the offense solely by reason of producing positive results on a drug test, the court, as punishment for the violation of the sanction, shall not order that the offender be imprisoned unless the court determines on the record either of the following:
 (a) The offender had been ordered as a sanction for the felony to participate in a drug treatment program, in a drug education program, or in narcotics anonymous or a similar program, and the offender continued to use illegal drugs after a reasonable period of participation in the program.
 (b) The imprisonment of the offender for the violation is consistent with the purposes and principles of sentencing set forth in section 2929.11
of the Revised Code."
R.C. 2929.11, which gives the trial court the overriding purposes of felony sentencing, provides, in relevant part: "(A) * * * The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both. * * *"
At that sentencing hearing, the trial court made the following statement:
 "THE COURT: * * * This is not as if Mr. Daniels hasn't been in and out of the system for a number of years, and all they ever asked of Mr. Daniels is that he pay the support for his kids. He's soon to be 46 years old and he has managed to amass a of debt of $27,000. * * *
 "You have had the life of your children, the life of our kids to get treatment. You have had the lifetime of your kids to go and get a job, you have had the lifetime of your kids to be responsible, and every time you're asked to step up to the plate, you struck out. * * *
 "You've put been [sic] in jail. You've been given chance after chance after chance and you haven't responded. So it's not like you just showed up today owning $27,000 and you haven't been given a chance to do what you should have done over the lifetime of our children.
 "Now, you get convicted of this offense. The only thing we ask you to do is go pay your child support and not smoke it up with crack cocaine or snort it up with crack cocaine. You don't even last a month. You don't even clear the courthouse doors.
 "So when you look at the reasons for sentencing people, if you look at Mr. Daniels, you got to look at Mr. Daniels in this history of his involvement with the domestic relations court and the criminal court. You got to look at the history of Mr. Daniels in continuing failing to meet his obligations of nonsupport.
 "This isn't a Defendant who is charged with a one-time drug offense. This isn't a Defendant who is charged one time of getting involved in the criminal justice system.
 "This is a man who spent years of trying to beat the system. And at beating the system he hasn't done anything any judge has ever told him or any magistrate has ever told him. * * *
 "You were given a chance on 10/1, on 10/11, and 11/1; three different chances you were given to go and get help, three different chances before they picked you up and put you in.
 "And if I look at 292919(B)(2)(A), and 292911(A), and all of the different reasons for not sending you to prison, if you look at it in the context of your history, none of these are applicable and that includes the shortest term.
 "To give you a short term of prison time would demean the seriousness of the offense, and it would show other people who are in your similar shoes that all they have to do is beat the system, get hooked on cocaine. * * *
 "What you need is you need on time in your life to pay, and you're going to pay today.
* * *" Tr. at 16-21.
We find the trial court clearly determined appellant's imprisonment was consistent with the purposes and principles of sentencing as set forth in R.C. 2929.11. Not only did the trial court reference R.C. 2929.11, but we find the trial court attempted to punish the offender. In order to achieve this punishment, the court considered the need to incapacitate the offender. After noting appellant had been offered numerous chances, appellant chose, in each instant, to commit further crime, spending money that should have been spent for the support of his children on his drug addition.
Accordingly, we find the trial court made the requisite determinations on the record, and therefore, was in compliance with R.C. 2929.13(E).
Appellant's second assignment of error is overruled.
The November 26, 2001 Judgment Entry of the Stark County Court of Common Pleas is vacated. This matter is remanded to the trial court for further proceedings consistent with this opinion and law.
By: HOFFMAN, P.J. WISE, J. and BOGGINS, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, The November 26, 2001 Judgment Entry of the Stark County Court of Common Pleas is vacated. This matter is remanded to the trial court for further proceedings consistent with this opinion and law. Costs assessed to appellant.