DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court on appeal from the Lucas County Court of Common Pleas, which sentenced appellant to 11 months of incarceration. Pursuant to 6th Dist.Loc.App.R. 12(C), we sua sponte transfer this case to our accelerated calendar. Because we find that the trial court complied with the applicable sentencing statutes, we affirm.
 {¶ 2} Appellant was sentenced in 2001 to 11 months in prison after he pleaded no contest to possession of cocaine in violation of R.C.2925.11(A) (C)(4)(a), a fifth degree felony. He now appeals from the judgment of sentence, setting forth the following assignment of error:
 {¶ 3} "The trial court erred when it sentenced defendant-appellant to a period of incarceration for a fifth degree felony."
 {¶ 4} As indicated, appellant pleaded no contest to and was found guilty of violating R.C. 2925.11(A) and (C)(4)(a). That section provides that a sentencing judge, in deciding on an appropriate sentence, should follow the dictates of R.C. 2929.13(B). According to R.C. 2929.13(B), before sentencing an offender convicted of a fifth degree felony to a prison term, the court must, in addition to considering the seriousness and recidivism factors set forth in R.C. 2929.12(B)-(E): (1) make one of the findings listed in R.C. 2929.13(B)(1)(a)-(i); (2) find that a prison term is consistent with the purposes and principles of felony sentencing set forth in R.C. 2929.11; and (3) find that the offender is not amenable to community control. R.C. 2929.13(B)(1) and (2)(a).
 {¶ 5} In this case, the trial court noted that in making its decision it considered the record (including the presentence report), the oral statements, and the principles and purposes of felony sentencing as set out in R.C. 2929.11. The trial court also noted that it balanced the seriousness and recidivism factors set out in R.C. 2929.12. The trial court then: (1) made a finding under R.C. 2929.13(B)(1)(g) that appellant had previously served a prison term; (2) made a finding that a prison term is consistent with the purposes of felony sentencing set forth in R.C. 2929.11; and (3) made a finding that appellant is not amenable to community control.[1] In addition, the maximum sentence for a fifth degree felony is 12 months, see R.C. 2929.14(A)(5); the trial court sentenced appellant to 11 months. Therefore, contrary to appellant's assertion, the trial court was not required to make findings under R.C.2929.14(C) (relating to maximum sentences). We therefore find that the trial court did not err in sentencing appellant to a prison term of 11 months, and we find appellant's sole assignment of error not well-taken.
 {¶ 6} The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the court costs of this appeal.
JUDGMENT AFFIRMED.
Peter M. Handwork, J., Richard W. Knepper, J., and Mark L.Pietrykowski, P.J., CONCUR.
[1] The court made the second and third findings in the judgment entry of sentence but not orally at the sentencing hearing. We have held that the required findings may be made either orally at the hearing or in the judgment entry of sentence. See, e.g., State v. Seitz (2001),141 Ohio App.3d 347, 348.