OPINION
{¶ 1} Appellant James Dwight Lane appeals his sentence for possession of crack cocaine in the Richland County Court of Common Pleas. The Appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.
 {¶ 2} On April 5, 2000, appellant was indicted by the Richland County Grand Jury on one count of possession of crack cocaine, a felony of the third degree. In June 2000, appellant entered a no contest plea, and a pre-sentence investigation was ordered. On January 12, 2001, appellant appeared for a hearing on the no contest plea and for sentencing. Appellant was thereupon sentenced to a five-year period of incarceration, the maximum for the offense charged.
 {¶ 3} Appellant thereafter obtained leave from this Court to file a delayed appeal, and herein raises the following sole Assignment of Error:
 {¶ 4} "I. THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO THE MAXIMUM SENTENCE AUTHORIZED FOR COCAINE POSSESSION WITHOUT COMPLYING WITH OHIO REVISED CODE SECTION 2929.14(C) AND 2929.19(B)(2)(c) AND (d)."
 {¶ 5} In his sole Assignment of Error, appellant argues the trial court erred in failing to meet statutory prerequisites for imposing the maximum sentence on his possession conviction. We disagree.
 {¶ 6} R.C. 2929.14(C) sets forth the following conditions under which a trial court may impose a maximum sentence: "(C) * * * the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section." We read this statute in the disjunctive. See State v. Comersford (June 3, 1999), Delaware App. No. 98CA01004. Consequently, a maximum sentence may be imposed if the trial court finds any of the above-listed offender categories apply. These findings may be made either orally at the sentencing hearing or in written form in the judgment entry. State v. Seitz (2001),141 Ohio App.3d 347, 348, 750 N.E.2d 1228. Additionally, a trial court must state its reasons supporting a R.C. 2929.14(C) maximum sentence finding. R.C. 2929.19(B)(2)(d). If the trial court fails to provide such reasons, either orally or in the sentencing entry, the matter must be remanded for resentencing. See State v. Daniels Stark App. No. 2001CA00375, 2002-Ohio-3694.
 {¶ 7} In the case sub judice, the trial court stated as follows during the sentencing hearing:
 {¶ 8} "Probation study was done. Points out pretty clearly that the defendant is a drug dealer and a — pretty much a career criminal. Not pretty much. Absolutely a career criminal. We're here for sentencing." Tr., January 12, 2001, at 3.
 {¶ 9} The trial court also noted, in pertinent part:
 {¶ 10} "The Court: The probation officer is asking that I sentence you to the maximum term and keep you there for that time. This is a drug dealer and a career criminal. Please send him for the maximum term. Shock him out after a number of years if he has good behavior and into a residential treatment center."
"* * *
 {¶ 11} "I don't know exactly what to say to a guy who's coming up on his 38th birthday who spent most of the last 15, 18 years in trouble of one kind or another. I don't have any idea what the juvenile record looks like. I don't want to know what the juvenile record looks like.
 {¶ 12} "I do know that the first record we have here is when you were 17, nearly 21 years ago. Felonious assault with a dangerous weapon. Then we graduate to aggravated robbery, probation violation, parole violation, bodily harm, possession of guns, ammunition, aggravated trafficking. How did you get out of — did I grant you probation back in 1997 on those aggravated trafficking charges?
 "[Defense Counsel]: No, Your Honor." Tr., January 12, 2001, at 5-6.
 {¶ 13} R.C. 2929.12(D) provides a list of nonexclusive factors for a sentencing court to consider as factors on whether an offender is likely to commit future crimes:
 {¶ 14} "(1) At the time of committing the offense, the offender was under release from confinement before trial or sentencing, under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or under post-release control pursuant to section 2967.28 or any other provision of the Revised Code for an earlier offense or had been unfavorably terminated from post-release control for a prior offense pursuant to division (B) of section 2967.16 or section 2929.141 of the Revised Code.
 {¶ 15} "(2) The offender previously was adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code prior to January 1, 2002, or pursuant to Chapter 2152. of the Revised Code, or the offender has a history of criminal convictions.
 {¶ 16} "(3) The offender has not been rehabilitated to a satisfactory degree after previously being adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code prior to January 1, 2002, or pursuant to Chapter 2152. of the Revised Code, or the offender has not responded favorably to sanctions previously imposed for criminal convictions.
 {¶ 17} "(4) The offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense, and the offender refuses to acknowledge that the offender has demonstrated that pattern, or the offender refuses treatment for the drug or alcohol abuse.
 {¶ 18} "(5) The offender shows no genuine remorse for the offense."
 {¶ 19} In order to modify or vacate his sentence on appeal, appellant bears the burden of demonstrating, by clear and convincing evidence, that the trial court erred in imposing the maximum sentence. See State v. Johnson, Washington App. No. 01CA5, 2002-CA-2576, citing Griffin Katz, Ohio Felony Sentencing Law (2001 Ed.) 725, § T 9.16. In the case sub judice, the trial court utilized its conclusions that appellant had a long criminal history and an unfruitful response to prior sanctions to buttress a finding that appellant poses the greatest likelihood of recidivism. See R.C. 2929.12(D)(2), (3). The trial court also indicated that it had considered the presentence investigation and the statutory principles and purposes of sentencing. We find that the sentencing language expressed by the trial court in this matter is sufficient to meet the mandates set forth in R.C. 2929.14(C) and R.C.2929.19(B)(2)(d), and that the findings and reasons are supported by the record.
 {¶ 20} Appellant also challenges the lack of reasons in the record to support the court's additional findings that appellant is a repeat violent offender and major drug offender per R.C. 2929.14(C). However, based on the disjunctive nature of the aforesaid statute (Comersford, supra), we find these additional arguments moot.
 {¶ 21} Appellant's sole Assignment of Error is therefore overruled.
 {¶ 22} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Richland County, Ohio, is hereby affirmed.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed.
Costs to appellant.
By: Wise, J., Gwin, P.J., and Boggins, J., concur.