OPINION
{¶ 1} Defendant-appellant Bonnie Jean Bennett appeals her sentence from the Stark County Court of Common Pleas on one count of possession of cocaine. Plaintiff-appellee is the State of Ohio.
STATEMENT OF THE FACTS AND CASE
 {¶ 2} On October 5, 2001, the Stark County Grand Jury indicted appellant on one count of possession of cocaine in violation of R.C.2925.11(A), a felony of the fifth degree. At her arraignment on October 12, 2001, appellant entered a plea of not guilty to the charge contained in the indictment.
 {¶ 3} Subsequently, on October 22, 2001, appellant withdrew her former not guilty plea and pled guilty to the charge of possession of cocaine. Following her plea, appellant was directed to enroll and participate in the Chance Program and her sentencing was deferred. However, after appellant failed to appear for such program, a capias was issued for her arrest on November 15, 2001.
 {¶ 4} As memorialized in a Judgment Entry filed on August 7, 2002, appellant was later sentenced to twelve months in prison.
 {¶ 5} It is from the trial court's August 7, 2002, Judgment Entry that appellant now appeals, raising the following assignment of error:
 {¶ 6} "The trial court erred in imposing the maximum sentence without complying with the statutory criteria or making the requisite findings."
 I {¶ 7} Appellant, in her sole assignment of error, argues that the trial court, in sentencing her to the maximum sentence for possession of cocaine in violation of R.C. 2925.11(A), failed to comply with the statutory criteria set forth in R.C. 2929.14 and failed to make the requisite findings.
 {¶ 8} Pursuant to R.C. 2953.08(G), an appellate court may not disturb a sentence unless it finds by clear and convincing evidence that the sentence is not supported by the record or is otherwise contrary to law. R.C. 2929.14, which governs the imposition of a maximum prison term, reads in relevant part: "(C) Except as provided in division (G) of this section or in Chapter 2925 of the Revised Code, the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section."
 {¶ 9} While a recitation of the statutory criteria alone may be enough to justify more than the minimum sentence, it is not enough to justify the imposition of the maximum sentence. The trial court also must provide its reasons. As stated in R.C. 2929.19(B)(2)(d): "The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances: * * *
 {¶ 10} "(d) If the sentence is for one offense and it imposes a prison term for the offense that is the maximum prison term allowed for that offense by division (A) of section 2929.14 of the Revised Code, its reasons for imposing the maximum prison term * * *"
 {¶ 11} Thus, a trial court has discretion to impose a maximum sentence if it determines that one of the factors listed in R.C. 2929.14(C) exists. These findings may be made either orally at the sentencing hearing or in written form in the judgment entry. State v. Seitz (2001),141 Ohio App.3d 347, 348, 750 N.E.2d 1228. Additionally, as is stated above, a trial court must state its reasons supporting a R.C. 2929.14(C) maximum sentence finding. R.C. 2929.19(B)(2)(d). If the trial court fails to provide such reasons, either orally or in the sentencing entry, the matter must be remanded for resentencing. See State v. Daniels, Stark App. No. 2001CA00375, 2002-Ohio-3694.
 {¶ 12} In the case sub judice, the trial court stated as follows on the record during the sentencing hearing:
 {¶ 13} "THE COURT: Miss Bennett, the purpose of the hearing this morning is to impose a sentence upon you.
 {¶ 14} "You were successfully terminated from the Chance Program. Therefore, you are returned to this Court for sentencing.
 {¶ 15} "At the time that you entered the Chance Program you were advised that if you did not successfully complete the Chance Program, you would be returned here for a sentencing hearing.
 {¶ 16} "I've had the opportunity to review your file. . . .
 {¶ 17} "It is my duty to fashion a sentence which will serve as a deterrent not only to you, but to others, to fashion a sentence which will protect the other citizens of the State of Ohio and one which will not demean the seriousness of the crime to which you pled guilty.
 {¶ 18} "And, also, I am the Judge that took your plea of guilty and referred you to the Chance Program. . . .
 {¶ 19} "The Court finds that the appropriate sentence in regard to this matter is a 12-month prison term and you will be given credit for any jail time served.
 {¶ 20} "The Court is mindful of the fact that you did report to the Chance Program offices on November the 9 of 2001 and you appeared on November the 16 of 2001. You tested positive for cocaine and that was the last time that anyone in the drug court Chance Program saw you.
 {¶ 21} "And the Court imposes a 12-month prison term sentence and you will be given credit for any jail time served." Transcript at 4-5, 7-8. In addition, the trial court made the following findings in its August 7, 2002, Judgment Entry:
 {¶ 22} "The Court has considered the record, oral statements, any victim impact statement and presentence report prepared, as well as the principles and purposes of sentencing under Ohio Revised Code Section2929.11, and has balanced the seriousness and recidivism factors Ohio Revised Code Section 2929.12.
 {¶ 23} "The Court finds that the defendant has been convicted of Possession of Cocaine, 1 Ct., a violation of Revised Code Section2925.11(A), a felony of the fifth (5th) degree subject to division (B) of section 2929.13 of the Ohio Revised Code, [and for which it is presumed that a prison term is necessary. [sic]
 {¶ 24} "The Court has considered the factors under Revised Code section 2929.13(B) and finds the following:
 {¶ 25} " — defendant already under community control or violated prior community control
 {¶ 26} " — defendant was allowed to enter chance program and failed to comply
 {¶ 27} "For reasons stated on the record, and after consideration of the factors under Revised Code 2929.12, the Court also finds that prison is consistent with the purposes of Revised Code section 2929.11 and the defendant is not amenable to an available community control sanction.
 {¶ 28} "IT IS THEREFORE ORDERED that the defendant serve a stated prison term of twelve (12) months on the charge of Possession of Cocaine, 1 Ct. [R.C. 2925.11(A)] (F5) in the Ohio State Reformatory for Women, and . . ."
 {¶ 29} Based on the foregoing, we find that the trial court failed, both at the sentencing hearing and in its entry, to make the required statutory findings before sentencing appellant to the maximum prison term for possession of cocaine. In short, the trial court never found, as required by R.C. 2929.14(C), that appellant committed the worst form of the offense or posed the greatest likelihood of committing future crimes. Nor did the trial court find that appellant was a major drug offender or a repeat violent offender as discussed in R.C. 2929.14(C).
 {¶ 30} Appellant's sole assignment of error is, therefore, sustained.
 {¶ 31} Accordingly, the judgment of the Stark County Court of Common Pleas is reversed and this matter is remanded to the trial court for resentencing in accordance with our opinion and the law.
By Edwards, J. Gwin, P.J. and Farmer, J. concurs.
In Re: Sentence/Possession of Cocaine.