DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas sentencing appellant, Mark Lee Hooker, to a term of incarceration and classifying him as a sexual predator. For the reasons stated herein, this court affirms the judgment of the trial court.
The following facts are relevant to this appeal. On November 2, 2001, appellant was indicted on four counts of rape in violation of R.C.2907.02(A)(2); three counts of aggravated burglary in violation of R.C.2911.11(A)(1); two counts of kidnaping in violation of R.C. 2905.01; and one count of receiving stolen property in violation of R.C. 2913.51. All but the latter count included a repeat violent offender specification pursuant to R.C. 2941.149. Appellant was found to be indigent and counsel was appointed. Appellant entered pleas of not guilty to all counts.
 {¶ 2} In March 2002, after several continuances, appellant withdrew his previously entered not guilty pleas and entered a plea of guilty pursuant to North Carolina v. Alfred (1970), 400 U.S. 25, to two counts of rape. On April 25, 2002, appellant was sentenced to a term of imprisonment of ten years on each count of rape to be served consecutively. A nolle prosequi was entered as to the remaining counts. Appellant was also classified as a sexual predator. Appellant filed a timely notice of appeal.[1]
 {¶ 3} Appellant sets forth the following two assignments of error:
 {¶ 4} "Assignments Of Error
 {¶ 5} "First Assignment Of Error
 {¶ 6} "The Trial Court Erred In Conducting A Hearing To Classify Mr. Hooker As A `Sexual Predator' After It Sentenced Mr. Hooker.
"Second Assignment Of Error
 {¶ 7} "The Trial Court Erred In Sentencing Mr. Hooker Where It Failed To Make The Required Findings As To Each Count For Which Mr. Hooker Was Convicted, Where The Trial Court's Sentence Was For More Than A Minimum Sentence For Each Offense And A Maximum Sentence For Each Offense."
 {¶ 8} In his first assignment of error, appellant argues that the trial court erred when it conducted his classification pursuant to R.C. Chapter 2950 after he was sentenced. Appellant urges this court to reconsider its decision in State v. Fox, 6th Dist. No. L-02-1154,2003-Ohio-484. This court finds no merit in this assignment of error.
 {¶ 9} Appellant's first assignment of error is found not well-taken on the authority of this court's decision in State v. Fox, 6th Dist. No. L-02-1154, 2003-Ohio-484.
 {¶ 10} In his second assignment of error, appellant argues that the trial court erred in failing to make the required findings for the imposition of the maximum sentence for each rape offense and that the record does not support the trial court's finding that he be sentenced for the maximum sentence for each rape offense. This court finds no merit in this assignment of error.
 {¶ 11} In State v. Seitz (2001), 141 Ohio App.3d 347, 348, this court stated:
 {¶ 12} "In order for a court to impose the maximum sentence on an offender for a single offense, `the record must reflect that the trial court imposed the maximum sentence based on the offender satisfying one of the listed criteria in R.C. 2929.14(C).' State v. Edmonson (1999),86 Ohio St.3d 324, 329, 715 N.E.2d 131, 135. These listed criteria are (1) `offenders who committed the worst forms of the offense,' (2) `offenders who pose the greatest likelihood of committing future crimes,' (3) `certain major drug offenders,' and (4) `certain repeat violent offenders.' R.C. 2929.14(C). * * *"
 {¶ 13} In the case sub judice, the trial court noted appellant's adjudication for five felonies as a juvenile and conviction as an adult for one felony and that appellant was on parole when the offenses at issue were committed. The trial court found that appellant had not responded favorably to previously imposed sanctions. The trial court also noted that the offenses of rape caused the victims serious physical and psychological harm and detailed the violent nature and force used by appellant in the rapes. In referring to these offenses, the trial court stated:
 {¶ 14} "* * * We find that each of these offenses that were committed are-that they rise to the area of clearly the most serious type of offense that could be committed. We note that as to Count 2 and Count 8 we find that the minimum time would be inappropriate.
 {¶ 15} "We further find that pursuant to 2929.14(B) that the shortest prison term possible will demean the seriousness of the offense and will not adequately protect the public and therefore we impose a greater term. And because of the violence that was perpetuated, the escalation of it within nine days as to Count 2 and Count 8, because of the violence as to the first offense and then escalating to the violence in the second offense, we find the defendant poses the greatest likelihood of recidivism and therefore we further find pursuant to2929.14(D) — strike that. We therefore find that as to Count 2 of the indictment having made that finding under 2929.14(D) we find that the maximum sentence for each of these counts is appropriate."
Although appellant argues that the trial court did not make the required findings for the imposition of the maximum sentence for each of the rape offenses, this court does not agree. The imposition of the maximum sentence on appellant was warranted based upon satisfaction of the second criteria: an offender who poses the greatest likelihood of committing future crimes. The greatest likelihood of recidivism was noted both at the sentencing hearing and in the judgment entry. As this court noted in Seitz, 141 Ohio App.3d at 348, only one of the criteria listed in R.C. 2929.14(C) needs to be satisfied.
 {¶ 16} R.C. 2929.14(C) requires that the trial court make certain findings on the record when sentencing a criminal defendant to the maximum prison term. Following the decision in State v. Edmonson (1999),86 Ohio St.3d 324, this court noted that the findings required by the sentencing statutes may be made either orally at the sentencing hearing or in written form in the judgment entry. State v. Meadows (Dec. 17, 1999), 6th Dist. Nos. L-98-1424, L-98-1425, discretionary appeal not allowed (2000), 88 Ohio St.3d 1481.
Furthermore, in commenting on the R.C. 2929.19(B)(2)[2] requirement that a trial court provide its reasons in support of a maximum sentence, in a case in which the offender was convicted of separate, multiple offenses and where each offense arose out of a different incident, as did the offenses in the case sub judice, the appellate court in State v.Beard (Sept. 5, 2000), 12th Dist. No. CA2000-02-012, stated:
 {¶ 17} "Where the reasons required to be given by R.C. 2929.19(B)(2) apply to more than one statutory finding or sentence, the statute does not require the trial court to reiterate the reasons with each finding or sentence. However, the trial court must provide sufficient reasons at the sentencing hearing or in the sentencing judgment entry for this court to determine which reasons apply to which finding or sentence, and to determine if such reasons support the maximum sentences imposed."
 {¶ 18} Upon review of the sentencing hearing and the court's judgment entry and the application of the above law, this court finds the trial court made the requisite findings on the record when sentencing appellant to the maximum prison term for each count of rape. Accordingly, appellant's second assignment of error is found not well-taken.
 {¶ 19} The judgment of the Lucas County Court of Common Pleas is affirmed. Costs assessed to appellant.
 JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, P.J., Richard W. Knepper, J., and Arlene Singer,J., CONCUR.
[1] Appellant's original appeal was dismissed due to the failure of his first appointed counsel to file a praecipe or docketing statement. On September 16, 2002, this court granted appellant's motion to reopen his appeal and appointed new appellate counsel.
[2] The provision of R.C. 2929.19(B)(2) applicable in the case sub judice provides:
"The court shall impose a sentence and make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
"* * *
"(d) If the sentence is for one offense and it imposes a prison term for the offense that is the maximum prison term allowed for that offense by division (A) of section 2929.14 of the Revised Code, its reasons for imposing the maximum prison term[.]"