DECISION AND JUDGMENT ENTRY
{¶ 1} Jesse Perez appeals the length of his sentence for escape and probation violation from the Lucas County Court of Common Pleas. We conclude that the sentence was proper and affirm.
 {¶ 2} Perez was convicted on June 26, 2002 of escape, a violation of R.C. 2921.34(A)(1) (C)(2)(a), a felony of the second degree. On the date of sentencing, July 19, 2002, Perez admitted to violating his probation for a 1999 robbery conviction. Judge James Jensen terminated Perez's probation for the robbery conviction and imposed the three year suspended prison term. He also sentenced Perez to three years of incarceration for the escape conviction, stating that these terms would be served consecutively. The trial court's July 22, 2002 judgment entry recited the same. Perez asserted two assignments of error: "The trial court committed error by imposing consecutive sentences," and "The trial court erred in imposing a term greater than the minimum period of incarceration, without making the findings mandated by R.C. § 2929.14
upon a defendant with no prior history of imprisonment."
 First Assignment of Error: Consecutive Sentences {¶ 3} The standard for consecutive sentencing is stated in R.C.2929.14(E)(4).[1] Recently, this court specified what a trial court was required to do when imposing consecutive sentences: "In this court's jurisdiction, the sentencing court may articulate its finding and reasons orally at the sentencing hearing or in its judgment entry on sentencing.State v. Parks, 6th Dist. No. L-02-1180, 2003-Ohio-1624, at ¶ 18;State v. Windham, 6th Dist No. E-01-015, 2003-Ohio-305, at ¶ 36;State v. Comer, 6th Dist. No. L-99-1296, 2002-Ohio-233, motion to certify record granted, 95 Ohio St.3d 1472, 2002-Ohio-2444." State v. Blackman, 6th Dist. No. L-01-1349, 2003-Ohio-2216, at ¶ 8. See, also, Statev. Townsend, 6th Dist. No. L-02-1232, 2003-Ohio-2913, at ¶ 20-21; and State v. Kittle, 6th Dist. No. L-01-1469, 2003-Ohio-3097, at ¶ 32-33. Here, both were done.
 {¶ 4} The judgment entry has the appropriate findings: "The sentences are ordered to be served consecutively *** [b]eing necessary to fulfill the purpose of R.C. 2929.11, and not disproportionate to the seriousness of the offender's conduct or the danger the offender poses and the Court FURTHER FINDS: the defendant was under community control when the offense was committed." Furthermore, appropriate findings were entered at the sentencing hearing: "consecutive sentences are necessary to fulfill the purposes of Revised Code Section 2929.11 and they're not disproportionate to the seriousness of the offender's conduct or the danger the offender poses, and the Court further finds this defendant was under community control at the time when the escape offense was committed, and that sentence in case 2000-2387 will be consecutive to 98-2184 for that very reason." Appellant's first assignment of error is not well-taken.
 {¶ 5} Second Assignment of Error: Sentence Greater Than theMinimum
 {¶ 6} The standard for sentences that are greater than the minimum is stated in R.C. 2929.14(B).[2] Recently, this court specified what a trial court was required to do when rendering a sentence that is greater than the minimum. Again, "the findings required by the sentencing statutes may be made either orally at the sentencing hearing or in written form in the judgment entry." Townsend, at ¶ 11, citing Statev. Akers (June 2, 2000), Sandusky App. No. S-99-035. See, also, State v.Seitz (2001), 141 Ohio App.3d 347, 348. Here, the trial court did both. Also, "the record must clearly reflect `that the trial court first considered imposing the minimum *** sentence and then decided to depart from that based on one or both of the permitted reasons.' State v. Jones
(2001), 93 Ohio St.3d 391, 398, 2001-Ohio-1341, citing State v. Edmonson
(1999), 86 Ohio St.3d 324, 327-328, 1999-Ohio-110." Townsend, at ¶ 10. The trial court did this as well.
 {¶ 7} The judgment entry has the appropriate findings. "The Court finds on the record pursuant to R.C. 2929.14(B) that the shortest prison term will demean the seriousness of the offender's conduct OR will not adequately protect the public and therefore imposes a greater term." Furthermore, at the sentencing hearing the judge stated, "the Court finds pursuant to R.C. 2929.14(B) that the shortest prison term possible will demean the seriousness of the offense and will not adequately protect the public and therefore imposes a greater term."
 {¶ 8} Despite the foregoing, which would have been sufficient, the trial judge also explained that he had relied on the presentence report. Perez had three felonies and two criminal misdemeanors as a juvenile and one felony and four criminal misdemeanors as an adult, although he was only 20 years old. He was unsuccessfully discharged from a treatment center and had failed to report for 27 of the 30 months to probation. He submitted only nine weekly urinalysis results while on community control. The court found that Perez was dishonest and that he refused to accept responsibility for his behavior. He had not abided by any conditions of control imposed upon him by a court from the time he was a juvenile. Finally, the court noted, he gave false information to assist his escape from electronic monitoring. Appellant's second assignment of error is not well-taken.
 {¶ 9} The record fully supports the sentencing decision of the trial judge in ordering both consecutive terms and a sentence more than the minimum. Since substantial justice was done to appellant, Jesse Perez, both assignments of error are found not well-taken, and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal.
 JUDGMENT AFFIRMED.
[1] Ohio Revised Code § 2929.14(E)(4) provides:
"If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following: "(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense. "(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct. "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
[2] Ohio Revised Code § 2929.14(B) provides:
 "Except as provided in division (C), (D)(1), (D)(2), (D)(3), or (G) of this section, in section 2907.02 of the Revised Code, or in Chapter 2925. of the Revised Code, if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless one or more of the following applies:
 "(1) The offender was serving a prison term at the time of the offense, or the offender previously had served a prison term.
 "(2) The court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."