OPINION
{¶ 1} Appellant Billy Dee Ferguson appeals from his felony sentence rendered by the Tuscarawas County Court of Common Pleas. The appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.
 {¶ 2} On October 10, 2002, appellant was charged with one count of gross sexual imposition (felony 4) and one count of tampering with evidence (felony 3). These charges stemmed from appellant's sexual conduct with a fourteen-year-old female on September 8, 2002, following which appellant arranged to have the victim's underwear discarded in the trash. On October 23, 2002, appellant entered pleas of guilty to both charges. Prior to sentencing, a presentence investigation was completed for the court's review. On December 10, 2002, the trial court imposed the maximum sentences on each count; i.e., eighteen months on the gross sexual imposition charge, and five years on the tampering with evidence charge. The sentences were ordered to be served concurrently.
 {¶ 3} Appellant timely appealed, and herein raises the following sole Assignment of Error:
 {¶ 4} "I. A FIVE-YEAR SENTENCE FOR A FIRST OFFENSE FELONY CONVICTION VIOLATES THE GUIDELINES FOR A LEGAL SENTENCE."
 I {¶ 5} In his sole Assignment of Error, appellant challenges the imposition of a five-year sentence on his conviction for evidence tampering.
 {¶ 6} In order to modify or vacate his sentence on appeal, appellant bears the burden of demonstrating, by clear and convincing evidence, that the trial court erred in imposing the maximum sentence. See State v. Johnson, Washington App. No. 01CA5, 2002-CA-2576, citing Griffin Katz, Ohio Felony Sentencing Law (2001 Ed.) 725, § T 9.16. R.C. 2929.14(C) sets forth the following conditions under which a trial court may impose a maximum sentence: "(C) * * * the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section." We read this statute in the disjunctive. SeeState v. Comersford (June 3, 1999), Delaware App. No. 98CA01004. Consequently, a maximum sentence may be imposed if the trial court finds any of the above-listed offender categories apply. These findings may be made either orally at the sentencing hearing or in written form in the judgment entry. State v. Seitz (2001), 141 Ohio App.3d 347, 348. Additionally, a trial court must state its reasons supporting an R.C.2929.14(C) maximum sentence finding. R.C. 2929.19(B)(2)(d). If the trial court fails to provide such reasons, either orally or in the sentencing entry, the matter must be remanded for resentencing. See State v.Daniels, Stark App. No. 2001CA00375, 2002-Ohio-3694.
 {¶ 7} R.C. 2929.12(D) provides a list of nonexclusive factors for a sentencing court to consider as factors on whether an offender is likely to commit future crimes:
 {¶ 8} "(1) At the time of committing the offense, the offender was under release from confinement before trial or sentencing, under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or under post-release control pursuant to section 2967.28
or any other provision of the Revised Code for an earlier offense or had been unfavorably terminated from post-release control for a prior offense pursuant to division (B) of section 2967.16 or section 2929.141 of the Revised Code.
 {¶ 9} "(2) The offender previously was adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code prior to January 1, 2002, or pursuant to Chapter 2152. of the Revised Code, or the offender has a history of criminal convictions.
 {¶ 10} "(3) The offender has not been rehabilitated to a satisfactory degree after previously being adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code prior to January 1, 2002, or pursuant to Chapter 2152. of the Revised Code, or the offender has not responded favorably to sanctions previously imposed for criminal convictions.
 {¶ 11} "(4) The offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense, and the offender refuses to acknowledge that the offender has demonstrated that pattern, or the offender refuses treatment for the drug or alcohol abuse.
 {¶ 12} "(5) The offender shows no genuine remorse for the offense."
 {¶ 13} In the case sub judice, the trial court based its maximum sentences on both counts on a finding that appellant poses the greatest likelihood of recidivism, after indicating that it had considered the record, the presentence investigation, the oral report by a counselor from Tuscarawas County Alcohol and Addiction Center, and the statutory principles and purposes of sentencing. Judgment Entry on Sentencing, December 12, 2002. The trial court noted: "The greatest likelihood is evident by the defendant's prior sex offenses involving juveniles and the risk assessment indicating the defendant's agreement with thirty-five (35) sexual myths, his questionable amenability to treatment and the identified risks of re-offending." Id. at 3. The court also indicated the following in its sentencing entry:
 {¶ 14} "On considering the factors in Section 2929.12 and the presumptions in Section 2929.13(D) of the Revised Code, the Court further finds for the reasons stated on the record that:
 {¶ 15} "1. The injury to the victim was worsened because of the age of the victim;
 {¶ 16} "2. The offense was facilitated by the offender's relationship with the victim;
 {¶ 17} "3. The offender has prior adjudications of delinquency and a history of criminal convictions, including prior arrests for intercourse with a fifteen (15) year old girl when he was sixteen (16) and a fourteen (14) year old girl when he was nineteen (19);
 {¶ 18} "4. The offender has failed to acknowledge a pattern of alcohol abuse that is related to the offense;
 {¶ 19} "5. The offender shows no genuine remorse, as there is a pattern of blaming the victim, in this and prior offenses, for being intoxicated or consenting to the sexual activity;
 {¶ 20} "6. The Sex Offender Assessment indicates that the Defendant's risk of sexually re-offending over the next ten (10) years without treatment is 58 to 80%. The risk of violently re-offending over the next ten (10) years without treatment is about 58%. The Assessment further indicates that the Defendant may not be amenable to treatment, but if he is, the likelihood of sexually re-offending ranges between 20 to 38%; and
 {¶ 21} "7. The crime is a sex offense." Id. at 2.
 {¶ 22} Appellant specifically contends the reasons stated by the trial court are solely applicable to the risk of re-offending as to a sexual offense, and that "[t]he recidivism factor is non-existent (sic) for committing another third degree felony tampering with evidence charge." Appellant's Brief at 3 and 4. However, R.C. 2929.14(C) clearly refers to the greatest likelihood of committing "future crimes" in the plural, as opposed to any specific offense. Generally, we must presume the legislature means precisely what it says. See State v. Virasayachack
(2000), 138 Ohio App.3d 570, 574. Accordingly, we find the sentencing language expressed by the trial court in this matter is sufficient to meet the mandates set forth in R.C. 2929.14(C) and R.C. 2929.19(B)(2)(d), and that the findings and reasons are supported by the record.
 {¶ 23} Appellant also asserts that appellant's arrangement to have a female friend find the victim's underwear and discard them does not equate to a "worst form of the offense" under R.C. 2929.14(C). However, based on the disjunctive nature of the aforesaid statute (Comersford, supra), we find these additional arguments moot. But cf. State v. Butts
(Sept. 30, 1999), Licking App. No. 99CA0029, (analyzing acts of a driver involved in a DWI hit-skip accident who afterward sought to conceal involvement by tampering with and destroying evidence).
 {¶ 24} Appellant's sole Assignment of Error is overruled.
 {¶ 25} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Tuscarawas County, Ohio, is hereby affirmed.
 Judgment affirmed.
By: Wise, J., Hoffman, P.J., and Boggins, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio, is affirmed.