[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION AND JUDGMENT ENTRY
{¶ 1} This is an accelerated appeal from the Lucas County Court of Common Pleas' judgment entry on resentencing, journalized on June 28, 2002. Appellant, Harvey Townsend, was convicted on August 31, 2000 of three counts of trafficking in crack cocaine, violations of R.C. 2925.03(A) and (C)(4)(e), each a felony of the first degree, one count of possession of crack cocaine, a violation of R.C. 2925.11(A) and (C)(4)(e), a felony of the first degree, and one count of felonious assault, a violation of R.C. 2903.11(A)(2), a felony of the first degree. Appellant's convictions were upheld by this court in State v. Townsend (Apr. 12, 2002), Lucas App. No. L-02-1232; however, we reversed the trial court's sentence and remanded for resentencing. In vacating appellant's sentence, we held that the trial court failed to make the necessary findings, pursuant to R.C.2929.14(B), when imposing a sentence greater than the minimum sentence allowable, and, with respect to ordering consecutive sentences, we held that the trial court failed to make the findings required by R.C.2929.14(E)(4) and failed to state its reasons for imposing consecutive sentences, as required by R.C. 2929.19(B)(2).
 {¶ 2} Upon remand, the trial court held an additional sentencing hearing and, on June 28, 2002, ordered appellant to serve a term of four years in prison, as to each count. The trafficking and possession convictions were ordered to be served concurrently to each other; whereas, the felonious assault conviction was to be served consecutively to the trafficking and possession convictions. As such, appellant was sentenced to a total of eight years in prison, four of which, the trial court held, was a mandatory term pursuant to R.C. 2929.13(F), 2929.14(D)(3) or R.C. Chapter 2925. In imposing a sentence greater than the minimum, in accordance with R.C. 2929.14(B), the trial court found in its judgment entry that "the shortest prison term [would] demean the seriousness of the offender's conduct and [would] not adequately protect the public." Additionally, with respect to the imposition of consecutive sentences, the trial court found that such was "necessary to fulfill the purposes of R.C. 2929.11, and not disproportionate to the seriousness of the offender's conduct or the danger the offender poses." The court further found that "the harm caused was great or unusual and that the defendant's criminal history require[d] consecutive sentences."
 {¶ 3} Appellant timely appealed his sentence and raises the following assignments of error:
 {¶ 4} "First Assignment of Error
 {¶ 5} "The trial court erred in imposing a term of incarceration above the minimum available term as it failed to make any of the required findings under R.C. 2929.14(B).
 {¶ 6} "Second Assignment of Error
 {¶ 7} "The imposition of a term of incarceration above the minimum available term on all counts, as well as the imposition of the sentence on Counts 2, 3, 4, and 5 consecutive to Count 6 was contrary to the purposes and principles of sentencing under Ohio law requiring proportionality and consistency in sentencing.
 {¶ 8} "Third Assignment of Error
 {¶ 9} "The trial court erred in ordering that the sentences imposed on the trafficking and possession counts be served consecutively with the sentence imposed for the felonious assault."
 {¶ 10} With respect to appellant's first assignment of error, in pertinent part, R.C. 2929.14(B)(2) states that when imposing a prison term, "the court shall impose the shortest prison term authorized for the offense *** unless *** [t]he court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others." As stated by the Ohio Supreme Court, the record must clearly reflect "that the trial court first considered imposing the minimum *** sentence and then decided to depart from that based on one or both of the permitted reasons." State v. Jones (2001), 93 Ohio St.3d 391, 398, citingState v. Edmonson (1999), 86 Ohio St.3d 324, 327-328.
 {¶ 11} In awarding a sentence greater than the minimum, the trial court specifically stated, at appellant's sentencing hearing, that it considered the minimum sentence and, in its judgment entry of sentencing, held that "the shortest prison term [would] demean the seriousness of the offender's conduct and [would] not adequately protect the public." This court has consistently held that "the findings required by the sentencing statutes may be made either orally at the sentencing hearing or in written form in the judgment entry." State v. Akers (June 2, 2000), Sandusky App. No. S-99-035. See also, State v. Seitz (2001),141 Ohio App.3d 347, 348. Accordingly, we find that the trial court made the necessary findings, pursuant to R.C. 2929.14(B), for imposition of a sentence greater than the minimum. Appellant's first assignment of error is therefore found not well-taken.
 {¶ 12} In his second assignment of error, appellant argues that the trial court's sentence was contrary to the purposes and principles of sentencing under Ohio law that requires proportionality and consistency in sentencing. Appellant argues that out of the four drug offenses of which appellant was convicted, three of them did not involve actual sales of narcotics, but only attempted sales of narcotics, which were all based upon conversations between appellant and a confidential informant. Additionally, appellant notes that, with respect to the felonious assault conviction, there was no physical contact with the victim and no harm occurred. As such, appellant argues that the trial court erred in determining that the sentence imposed was proportionate to the seriousness of the offender's conduct and the impact on the victim. We disagree.
 {¶ 13} R.C. 2929.12(A), states:
 {¶ 14} "(A) Unless otherwise required by section 2929.13 or 2929.14
of the Revised Code, a court that imposes a sentence under this chapter upon an offender for a felony has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code. In exercising that discretion, the court shall consider the factors set forth in divisions (B) and (C) of this section relating to the seriousness of the conduct and the factors provided in divisions (D) and (E) of this section relating to the likelihood of the offender's recidivism and, in addition, may consider any other factors that are relevant to achieving those purposes and principles of sentencing."
 {¶ 15} R.C. 2929.11 states:
 {¶ 16} "(A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.
 {¶ 17} "(B) A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."
 {¶ 18} The trial court held that appellant's sentence was not "disproportionate to the offenses that occurred in other cases of drug dealing." The trial court's finding was based on the following factors: (1) appellant was convicted of multiple drug convictions in this case, which the court described as "organized criminal activity" and a "high level of drug dealing", (2) the victim impact statement, which demonstrated that the officer was terrified when it appeared to him as though appellant's 4x4 was going to run him down, to the extent that he actually fired his weapon, and (3) appellant's prior record. Upon due consideration of the facts in this case, the findings of the trial court, and upon review of the cases cited by appellant, we find that the trial court did not abuse its discretion and that appellant's sentence was consistent with other sentences imposed for similar crimes, committed by similar offenders, and was not disproportionate or demeaning to the seriousness of the offender's conduct and its impact upon the victim. Appellant's second assignment of error is therefore found not well-taken.
 {¶ 19} It his third assignment of error, appellant argues that the trial court erred in ordering that appellant serve consecutive sentences. We disagree.
 {¶ 20} Unless consecutive terms are required by law, see R.C.2929.14(E)(1), (2), and (3), a court may impose consecutive sentences only when it concludes that the sentence is (1) necessary to protect the public and punish the offender; (2) not disproportionate to the conduct of the offender and the danger that he or she poses; and (3) the court finds one of the following: (a) the crimes were committed while awaiting trial or sentencing, under sanction or under post release control; (b) the harm caused by multiple offenses was so great or unusual that a single prison term would not adequately reflect the seriousness of his offense; or (c) the offender's criminal history demonstrates that consecutive sentences are necessary to protect the public. R.C. 2929.14(E)(4). The court must also articulate its reasons for imposing consecutive sentences, pursuant to R.C. 2929.19(B)(2), either orally at the sentencing hearing or in writing in the court's judgment entry on sentencing. State v. Windham
(Jan. 24, 2003), 6th Dist. No. E-01-015, 2003-Ohio-305, ¶ 36, citingState v. Walk (Dec. 29, 2000), Erie App. No. E-97-079, State v.Edmonson, 86 Ohio St.3d at 326, and State v. Comer (Jan. 25, 2002), Lucas App. No. L-99-1296.
 {¶ 21} The trial court stated in its judgment entry that consecutive sentences were "necessary to fulfill the purposes of R.C.2929.11, and not disproportionate to the seriousness of the offender's conduct or the danger the offender poses." The trial court further found that "the harm caused was great or unusual and that the defendant's criminal history requires consecutive sentences." In addition to its judgment entry, the trial court stated at length, on the record during appellant's sentencing hearing, its reasons for imposing consecutive sentences. Accordingly, we find that the trial court's imposition of consecutive sentences complies with R.C. 2929.14(E) and R.C. 2929.19(B)(2). Finding that the trial court did not err in sentencing appellant to consecutive sentences, we find appellant's third assignment of error not well-taken.
 {¶ 22} On consideration whereof, this court finds that appellant was not prejudiced or prevented from having a fair trial and the judgment of the Lucas County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellant.
 JUDGMENT AFFIRMED. Peter M. Handwork, P.J. Richard W. Knepper, J. Mark L. Pietrykowski, J. JUDGE